QUESTION: May a municipality invest its surplus funds in a federal savings and loan association; and, if so, what special requirements or limitations are applicable to such investments?
SUMMARY: Municipalities are authorized to invest municipal funds in federal savings and loan associations by s. 665.321, F.S.; and, in the absence of any local restrictions imposed by municipal ordinance, the only special requirement or limitation imposed by Florida law on the investment of municipal funds in a federal savings and loan association is that the association must deposit and pledge securities to secure such investments as may be required by law or regulation of the Florida Department of Finance and Banking, except to the extent the investment is insured by the United States or an instrumentality thereof. Section 167.74, F.S. 1971, formerly authorized the investment of surplus municipal funds in obligations of, or in obligations insured by, the United States Government. Accord: Article VII, s. 10(b), State Const. However, s. 167.74 was repealed by Ch. 73-129, Laws of Florida, which created a new Ch. 166, F.S., the Municipal Home Rule Powers Act. That act also had the effect of removing any municipal charter limitations on the investment of municipal funds and making municipal ordinances of all special act provisions, not nullified and repealed, pertaining to such investments. Sections166.021(4) and (5), id.; AGO 073-478. Section 665.321, F.S., which has not been repealed, was enacted in 1969 as a supplemental provision to all other laws relating to the legal investments of the fiduciaries and organizations enumerated therein, providing in pertinent part that (1) LEGAL INVESTMENTS . . . municipalities . . . hereby are specifically authorized to invest funds held by them without any order of any court, in savings accounts of saving associations which are under state supervision and in accounts of federal associations organized under the laws of the United States and under federal supervision, and such investments shall be deemed and held to be legal investments for such funds. . . . It should be noted that the investments authorized by the foregoing provision are not limited to "surplus" funds. However, such investments do require a deposit and pledge of securities on the part of a savings and loan association to secure such investments to the same extent and in the same manner as is provided from time to time by law or regulation with respect to deposits of public moneys in banks, see s. 659.24, F.S., except to the extent that such savings accounts may be insured by the United States or any instrumentality thereof. Section 665.321(1), supra; also see AGO's 073-244, 072-26, and 071-36.
In sum, therefore, if a federal savings and loan association qualifies under Ch. 665, supra — by depositing and pledging securities to secure the investment of municipal funds pursuant to law or regulation of the Florida Department of Banking and Finance, or by being insured by the United States or an instrumentality thereof to the extent of such investment — then no other conditions or restrictions are imposed on such investment by s. 665.321. Attorney General Opinion 073-244. Of course, municipal ordinances, including those ordinances which were part of a city charter prior to the enactment of the Municipal Home Rule Powers Act, Ch. 166, supra, should be examined for local restrictions imposed on the investment of municipal funds.